**Paul Joseph GONZALES, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 44S00–9307–CR–00758.

Supreme Court of Indiana.

Nov. 2, 1994.

Danny L. Williams, Angola, for appellant.

Pamela Carter, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Murder for which he received a sentence of sixty (60) years.

The facts are: On the evening of August 28, 1992, appellant, Alberto "Bo" Mungia, and several other people were attending a party at the mobile home of the sister of Frankie Vasquez. The participants were drinking from a keg of beer. During the evening, one of the visitors, Ramone Roman, received a signal on his pager indicating a call. Since there was no telephone in the trailer, appellant took Roman to the trailer next door to use that phone. They were accompanied by Mungia.

Later in the evening, appellant decided he wanted to use the telephone, so he and Mungia returned next door to the victim's trailer. An argument ensued, with the victim accusing appellant of using the telephone in the past and running up a telephone bill which he had not paid. At the termination of the argument, appellant stabbed the victim in the chest and in the back. Mungia then joined in and stabbed the victim with an ice pick he carried.

After the stabbing, appellant instructed Mungia to remove the victim's wallet and take the money from it. Mungia testified that there was approximately $900 in the wallet. Frankie Vasquez drove appellant and Mungia back to Fort Wayne. During the trip, they gave Vasquez $100 and divided the remainder between appellant and Mungia.

 Appellant claims the trial court erred in refusing to give his tendered instruction on the lesser-included offense of manslaughter. Appellant raised the defenses of insanity and intoxication. The trial court appointed Greg Sowles, Ph.D. and Ronald Pancaer, M.D. to examine appellant. Following the report of the examiners, the court ruled that appellant was competent to stand trial. The reports of both doctors were placed into evidence in an attempt to convince the jury that

appellant did not have the ability to form the intent to kill.

This Court has held that a defense of insanity or intoxication to the point of rendering the person incapable of forming intent is inconsistent with giving an instruction on a lesser-included offense. *Rowe v. State* (1989), Ind., 539 N.E.2d 474. In addition, we would observe that although the record contains conversation between the judge and counsel indicating that counsel had tendered an instruction for manslaughter, there is no such instruction in this record. Unless appellant demonstrates to this Court that such an instruction was tendered, the issue is waived. *See Clemons v. State* (1981), Ind., 424 N.E.2d 113. We see no error in the refusal to give an instruction on manslaughter if one in fact was tendered.

Appellant claims the trial court erred in imposing the maximum penalty of sixty (60) years on appellant. In setting an enhanced sentence, the judge must set forth the aggravating circumstances upon which the enhancement is based. Ind.Code § 35–38–1–3. In the case at bar, the trial judge in sentencing appellant found that due to his prior criminal record there was a high probability that he would commit another crime, that appellant was on probation when he committed the murder, that he was in need of correctional and rehabilitation treatment, and that he elicited the aid of Mungia, who was only fifteen years old at the time. We find the judge complied with the statute and with requirements set forth in *Ballenger v. State* (1991), Ind., 565 N.E.2d 751. We find the trial judge did not abuse his discretion in pronouncing sentence. *See Letica v. State* (1991), Ind., 569 N.E.2d 952.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and SULLIVAN, JJ., concur.