Terry P. HAYMAKER, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 79S00–9505–CR–555.

Supreme Court of Indiana.

June 19, 1996.

Timothy P. Broden, Lafayette, for Appellant.

Pamela Carter, Attorney General, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellee.

SELBY, Justice.

Terry P. Haymaker ("Defendant") was convicted of Dealing in Cocaine, a Class A felony, and Conspiracy to Commit Dealing in Cocaine, a Class A felony. The trial judge sentenced defendant to twenty-five (25) years for each of these convictions, to be served concurrently. The judge then enhanced the dealing charge by an additional thirty (30) years due to an Habitual Offender determination, for a fifty-five (55) year sentence, forty-five (45) years executed and ten (10) years probation. Defendant now challenges the habitual offender determination. We affirm.

## FACTS

On February 17, 1994, the State filed an Information on defendant for allegedly dealing in cocaine within one thousand (1,000) feet of a school. On the same day, the State also filed an information of habitual offender, which listed the following prior felony convictions: a 1990 conviction for driving while being an habitual offender and a 1993 conviction for possession of marijuana. (R. at 15–16). Although the omnibus date was April 15, 1994, the State did not file an amended information regarding the habitual offender allegation until December 12, 1994, one day before trial. In that amended information, the State listed the same 1990 habitual traffic offender conviction, but substituted a 1982 criminal confinement conviction for the possession of marijuana conviction. (Supp.R. at 1). An information for the conspiracy charge was filed October 19, 1994.

The jury returned guilty verdicts on the dealing and conspiracy charges. Defendant then waived his right to a jury trial on the habitual offender phase of the bifurcated proceeding. Over defendant's objection for untimeliness, the trial court permitted the State to proceed on the amended habitual offender

charge. The State presented both testimony and documentary evidence to support its allegation that defendant had committed the predicate felonies. The trial court found defendant to be an habitual offender, and enhanced defendant's twenty-five (25) year sentence for dealing in cocaine by an additional thirty (30) years.

Defendant challenges this habitual offender determination on two grounds. First, defendant claims that it was error for the trial judge to allow the State to amend the habitual offender information, since INDIANA CODE § 35–34–1–5(e) requires that an amendment of an information to include an habitual offender charge be filed not later than ten days after the omnibus date. Also, defendant challenges the use of an habitual traffic violator conviction to support an habitual offender enhancement. We affirm the use of the habitual offender enhancement in this case, and we affirm the sentence.

### I.

■ Defendant asserts that the trial judge erred by allowing the State to amend the habitual offender information on the eve of the trial. I.C. § 35–34–1–5(e) reads as follows:

> An amendment of an indictment or information to include a habitual offender charge under IC 35–50–2–8 must be made not later than ten (10) days after the omnibus date. However, upon a showing of good cause, the court may permit the filing of a habitual offender charge at any time before the commencement of the trial.

The purpose of this statute is to allow a defendant sufficient time to prepare a defense for an habitual offender charge. Although the omnibus date was April 15, 1994, and the amended habitual offender information was not filed until December 12, 1994, the trial judge allowed the amendment over defendant's objection for untimeliness.

We believe that defendant is in error in relying on I.C. § 35–34–1–5(e). This section applies when the State seeks to add an habitual offender charge. In this case, the State filed the habitual offender information on February 17, 1994, the same day that the State filed the information for dealing in cocaine. The challenged amendment is merely an amendment to the already existing habitual offender information, rather than an addition of an habitual offender charge, as contemplated by I.C. § 35–34–1–5(e). Thus, I.C. § 35–34–1–5(e) does not apply. Section § 35–34–1–5(c) allows the prosecutor to amend the information at any time, as long as the amendment "does not prejudice the substantial rights of the defendant." Since defendant has not provided us with any evidence to demonstrate that he was prejudiced by the timing of this amendment, we cannot find error.

■ Moreover, even if § 35–34–1–5(e) were to apply, defendant has waived this issue for appeal. Once defendant's objection had been overruled, he should have requested a continuance, as required by *Daniel v. State*, 526 N.E.2d 1157 (Ind.1988). According to trial counsel, the defendant did not do so because he had filed a speedy trial motion and wanted his trial to proceed as scheduled, (R. at 151–52), but this fact does not negate waiver. *See Miller v. State*, 563 N.E.2d 578, 582 (Ind.1990) (pointing out that defendant could have requested continuance to prepare for habitual offender hearing, and refiled for speedy trial contemporaneously with his motion for continuance). Further, there is no requirement that the habitual offender phase of a criminal proceeding be conducted immediately following the guilt-innocence phase. *See Carter v. State*, 505 N.E.2d 798 (Ind. 1987). Without a jury trial for this phase of the proceedings, the habitual offender phase easily could have been delayed in order to give defendant time to prepare. Since defendant had the opportunity to request a continuance and chose not to, defendant has waived this issue for appeal.

### II.

Defendant next argues that his habitual traffic violator conviction is not a proper predicate offense upon which to base an habitual offender enhancement. He relies on *Stanek v. State*, 603 N.E.2d 152 (Ind.1992), for this contention. However, *Stanek* is clearly distinguishable. The defendant in that case was convicted of a Class C felony,

operating a motor vehicle while driving privileges are suspended for life, and was sentenced to four years. This conviction had been enhanced to a Class C felony because Stanek had previously been convicted of a Class D felony, operating a motor vehicle while driving privileges are suspended. The trial court then used the general habitual offender statute to enhance the sentence by an additional twenty (20) years. Both of the predicate felonies for the habitual offender charge were traffic violations. *Stanek v. State,* 587 N.E.2d 736, 739 (Ind.Ct.App.1992), *vacated,* 603 N.E.2d 152 (Ind.1992). We held that although the general habitual offender statute allowed enhancement for "any felony," this double enhancement was not the intent of the legislature. Instead, we found that the habitual traffic offender statute is a discrete, separate, and independent habitual offender statute, and convictions under this statute are not subject to further enhancement under the general habitual offender statute. *Stanek,* 603 N.E.2d at 153–54. Therefore, we concluded that such double enhancement could not stand.

Similar results were reached in *Devore v. State,* 657 N.E.2d 740 (Ind.1995), and *Freeman v. State,* 658 N.E.2d 68 (Ind.1995). These cases involved convictions for operating a vehicle while intoxicated. The judge in each case imposed habitual traffic offender *and* habitual substance offender enhancements. Once again, we held that double enhancement was not the intention of the legislature. Since the two habitual offender schemes are at odds with one another, only the more specific habitual traffic offender enhancement should be imposed.

In the present case, the current convictions are not already enhanced by a specific habitual offender scheme. Thus, use of the general habitual offender statute would not result in double enhancement. Further, the habitual traffic violator conviction was prior to and completely independent of the current convictions, as required by I.C. 35–50–2–8. Although the habitual traffic offender conviction was itself the result of a progressive punishment scheme, we see no reason to exclude it from I.C. 35–50–2–8, which allows enhancement for "any felony." Moreover, as additional support for our position, we note that the General Assembly has modified the statute as construed in *Devore* and *Freeman* with the recent enactment of P.L. 96–1996 and 97–1996. Thus, effective July 1,1996, prior convictions under I.C. 9–30–5 (operating a vehicle while intoxicated) will be available as predicate offenses for habitual substance offender enhancements.

 We hold that an habitual traffic violator conviction can be a predicate felony conviction under the general habitual offender statute.

## CONCLUSION

The sentence is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and SULLIVAN, JJ., concur.