**Jeffrey MITCHELL, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 41A01–9805–CR–189.

Court of Appeals of Indiana.

June 10, 1999.

Peter D. Nugent, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Stephen K. Tesmer, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

In March of 1997, the State charged Jeffrey Mitchell with Residential Entry, a Class D felony.[1] Following an initial hearing, the trial court scheduled a jury trial for July 22, 1997. Eleven days before trial, the State filed a motion to amend the information to include an Habitual Offender charge, which the trial court granted. Following a jury trial, Mitchell was found guilty of residential entry and was determined to be an habitual offender. The trial court sentenced Mitchell to serve two years for the residential entry conviction, enhanced by three years for the habitual offender finding, for a total of five years. Mitchell now appeals.

We affirm.

### ISSUES

Mitchell raises three issues for review:

1. Whether the trial court erred when it allowed the State to amend the information to include an habitual offender charge eleven days before trial.

2. Whether the trial court committed fundamental error when it failed to instruct the jury on the meaning of "prior unrelated felony."

3. Whether the State presented evidence sufficient to sustain Mitchell's residential entry conviction.

### FACTS

In December of 1996, Robin Thrasher lived in a mobile home she owned and which was titled solely in her name. Mitchell, who was dating Thrasher, also lived in the mobile home with Thrasher's permission. Mitchell and Thrasher began having problems in their relationship, and Mitchell moved in and out of the mobile home on several occasions. On March 14, 1997, while Mitchell was staying in the mobile home, the two argued and Mitchell left. Thrasher then packed Mitchell's clothes in a duffle bag and placed a note on the bag instructing him to stay out of the house. Thrasher placed the bag outside, locked the door and left. Thrasher returned to her home the following day to find the house unlocked and Mitchell's bag inside. As a result, she called the police. Police arrived and determined that a window in the home had been opened. Thrasher discovered a note from Mitchell inside her house. She then locked the door and left to stay with her mother.

On March 24, 1997, Thrasher again returned to her home, and Mitchell opened the door from the inside as she began to unlock it. The two argued about Mitchell's presence, and Thrasher agreed to drive Mitchell to Indianapolis. Thrasher did not return to her home that day, but when she called her house the following day to check her telephone messages, Mitchell answered. Thrasher then called the police to report Mitchell's presence in her home without her consent.

When police arrived, they discovered Mitchell walking outside and an open window in the back of Thrasher's home. Mitchell was arrested and charged with residential entry.

### DISCUSSION AND DECISION

#### Issue One: Amended Information

Mitchell first argues that the trial court erred when it granted the State's motion to amend the information to include an habitual offender charge eleven days before trial. The State counters that Mitchell's failure to seek a continuance once the court allowed the new charge results in waiver and that it met its burden of showing good cause for the belated charge.

Indiana Code Section 35–34–1–5(e) provides:

1. *See* IND.CODE § 35–43–2–1.5.

An amendment of an indictment or information to include a habitual offender charge under IC 35–50–2–8 must be made not later than ten (10) days after the omnibus date. However, upon a showing of good cause, the court may permit the filing of a habitual offender charge at any time before the commencement of the trial.

In *Haymaker v. State*, 667 N.E.2d 1113, 1114 (Ind.1996), the State filed an amendment to the habitual offender charge on the eve of trial, and the defendant objected pursuant to Indiana Code Section 35–34–1–5(e). In deciding the issue on appeal, our supreme court first noted that Indiana Code Section 35–34–1–5(e) did not govern because that section "applies when the State seeks to add an habitual offender charge." *Id.* Instead, the court determined that Indiana Code Section 35–34–1–5(c),[2] which allows the prosecutor to amend an information absent prejudice to the defendant's substantial rights, controlled. *Id.* After finding that the defendant did not show prejudice, the court stated that "even if § 35–34–1–5(e) were to apply, defendant has waived this issue for appeal" because he had failed to seek a continuance once the court allowed the State to file the amendment. *Id.*

■ Recently, in *Attebury v. State*, 703 N.E.2d 175, 180 (Ind.Ct.App.1998), this court interpreted *Haymaker* to mean that if Indiana Code Section 35–34–1–5(e) applied to *amendments* to habitual offender charges,

the defendant would be required to seek a continuance to preserve the error for appeal. It follows from the majority opinion in *Attebury* that, if the State files a *new* belated habitual offender charge, the defendant need not move for a continuance to preserve the alleged error for appeal.

■ In his dissent, however, Judge Kirsch disagreed with the majority's narrow interpretation of *Haymaker*. *Id.* at 181 (Kirsch, J., dissenting). According to the dissent, the supreme court in *Haymaker* expressly rejected the contention that a defendant is relieved from his obligation to seek a continuance when the State files a new habitual offender charge when it stated " 'even if 35–34–1–5(e) were to apply, defendant has waived this issue for appeal.' " *Id.* (quoting *Haymaker*, 667 N.E.2d at 1114). We agree with Judge Kirsch's opinion and believe that the majority in *Attebury* misinterpreted our supreme court's ruling in *Haymaker*.[3] We read *Haymaker* to hold that once the trial court allows either an amendment to an habitual offender charge under subsection (c), or the addition of an habitual offender charge under subsection (e), the defendant must seek a continuance to preserve the alleged error for appeal. In this case, Mitchell failed to do so. Thus, we conclude that Mitchell waived the issue for appeal.

### Issue Two: Jury Instruction

■ Next, Mitchell claims that the trial court erred when it failed to provide the jury

---

2. Indiana Code Section 35–34–1–5(c) provides:

> Upon motion of the prosecuting attorney, the court may, at any time before, during, or after trial, permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant.

3. We also agree with Judge Kirsch's dissent in *Attebury* on the issue of whether the trial court is required to make a specific finding of good cause under Indiana Code Section 35–34–1–5(e). The majority in *Attebury* determined that the trial court abused its discretion when it failed to enter a specific finding of good cause when it allowed the State to file the new habitual offender charge. In his dissent, Judge Kirsch reasoned that "[b]y using the phrase 'may permit' in IC 35–34–1–5(e), the legislature gave the trial court the discretion to allow or disallow a belated habitual offender enhancement upon a showing

of good cause by the State." *Attebury*, 703 N.E.2d at 181 (Kirsch, J., dissenting). Moreover, "[b]y permitting the filing following its inquiry into reasons for the delay, the court impliedly found that good cause had been shown and that no prejudice to the defendant would result." *Id.*

In its motion to add the habitual offender charge to the information, the State in this case explained that: (1) plea negotiations had been unsuccessful; (2) until the last pre-trial conference, the State believed that plea negotiations would resolve the matter; and (3) the State had reviewed Mitchell's criminal record and determined that the habitual offender charge was proper. In addition, the State informed the court that it would agree to a continuance upon Mitchell's request. Although the trial court did not enter a specific finding concerning good cause, it was not required to do so. Thus, the trial court did not abuse its discretion when it allowed the addition of the habitual offender charge.

with a definition of "prior unrelated felony." A party cannot complain of incomplete or omitted instructions when he failed to tender any instruction on the point of law. *Gonzales v. State*, 642 N.E.2d 216, 217 (Ind.1994). Additionally, the defendant's failure to object to allegedly erroneous instructions results in waiver. *Burton v. State*, 526 N.E.2d 1163, 1165 (Ind.1988). Mitchell neither objected to the instructions given at trial, nor did he tender his own instruction.

■■ Mitchell attempts to circumvent waiver by arguing that the court's failure to give the omitted instruction *sua sponte* constitutes fundamental error. An error may be fundamental and, thus, not subject to waiver if it is a "substantial blatant violation of basic principles." *Winegeart v. State*, 665 N.E.2d 893, 896 (Ind.1996). Fundamental error is that which, if not corrected, would deny the defendant fundamental due process. *Brown v. State*, 691 N.E.2d 438, 444 (Ind.1998). The error must be so prejudicial to the rights of the defendant as to make a fair trial impossible. *Id.*

In this case, Final Instruction # 5 provided:

The status of habitual offender is defined by statute as follows:

The State may seek to have a person sentenced as an habitual offender for any felony by proving that the person has accumulated two (2) prior unrelated felony convictions.

To convict the defendant, the State must have proved each of the following elements:

The defendant:

1) committed and was convicted and sentenced for a felony, to-wit: On or about the 20th day of April, 1987, in the Madison County Superior Court No. 3, Jeffrey K. Mitchell was convicted of Theft, a class D felony, all of which is contrary to the form

of the statute in such case made and provided and against the peace and dignity of the State of Indiana.

2) thereafter committed and was convicted and sentenced for a felony, to-wit: On or about the 17th day of January, 1990, in Madison County Superior Court No. 3, State of Indiana, under cause number 48D03–8811–CF–139, Jeffrey Mitchell was convicted of a felony, to-wit: Battery, a class C felony, and;

3) thereafter committed the crime charged in Phase I of this case.

If the State failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not to be an habitual offender.

If the State did prove each of these elements beyond a reasonable doubt, you should find the defendant to be an habitual offender.

Additionally, Final Instruction # 5 stated:

In order to qualify as separate and unrelated, the following sequence of events must occur:

1) The commission of a crime followed by

2) a sentence for that crime, followed by

3) the commission of another crime, followed by

4) a sentence for the latter crime.

■■ Jury instructions are to be considered as a whole and in reference to each other. *Edgecomb v. State*, 673 N.E.2d 1185, 1186 (Ind.1996). Despite Mitchell's contention, the absence of a jury instruction which specifically defined "prior unrelated felony" does not constitute fundamental error because the court's instructions contained an adequate explanation of that term. Specifically, Final Instruction # 4 and Final Instruction # 5, when read together, instructed the jury on the meaning of "prior unrelated felony." [4]

■■ In addition, in *Lyons v. State*, 600 N.E.2d 560, 567 (Ind.Ct.App.1992), we held

---

**4.** Indiana Pattern Jury Instruction Number 15.31 provides:

Two (2) felony sentences on the same date do not qualify as unrelated convictions. Likewise, a felony sentence in one court immediately followed by a sentence in another court does not qualify as two (2) separate, unrelated convictions. In such circumstances, the two (2)

felony convictions must be combined as one (1) conviction for the purposes of the habitual offender statute. *In order to qualify as separate and unrelated, the following sequence of events must occur:*

*(1) the commission of a crime followed by*

*(2) a sentence for that crime, followed by*

that when the evidence at trial clearly establishes that the felonies committed by the defendant occurred in the proper sequence, no fundamental error results from the absence of an instruction defining "prior unrelated felony." Here, the State first presented evidence that on December 3, 1985, Mitchell was charged with Burglary, a Class B felony, and that on April 20, 1987, he entered into a plea agreement in which he pleaded guilty to Theft, a Class D felony. The trial court sentenced Mitchell on the same day to time served. Thereafter, the State presented evidence that on November 10, 1988, Mitchell was charged with Battery, a Class C felony, and that he was subsequently convicted and sentenced to serve eight years for that crime. The State's evidence clearly established that Mitchell's felonies occurred in the proper sequence. Therefore, we find no fundamental error.

### Issue Three: Sufficient Evidence

 Finally, Mitchell argues that the State failed to prove beyond a reasonable doubt each element of the crime of residential entry. In reviewing a claim challenging the sufficiency of the evidence, we neither reweigh the evidence nor assess witness credibility. *Jackson v. State,* 683 N.E.2d 560, 566 (Ind.1997). We will affirm the conviction if the probative evidence and reasonable inferences therefrom could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

To sustain a conviction for residential entry, the State was required to prove beyond a reasonable doubt that Mitchell did knowingly and intentionally break and enter the dwelling of Robin Thrasher. *See* IND.CODE § 35–43–2–1.5. Mitchell argues that his conviction warrants reversal because there was no evidence that he was present in Thrasher's dwelling without her permission. We disagree.

 At trial, Thrasher testified that she had allowed Mitchell to live with her for

some period of time. After an argument in March of 1997, however, she placed Mitchell's belongings in a duffle bag and wrote him a note telling him he could not return to her home. Upon Mitchell's return, Thrasher again told him to leave. On the date of Mitchell's arrest, Thrasher telephoned her residence to check her answering machine, and Mitchell answered the telephone. She then hung up the phone and called the police.

When the police arrived and discovered Mitchell at the home, he told them that he had entered the home with keys. He also told police that he had placed the keys on the coffee table inside the home. When police searched the home, no keys were found. The evidence presented by the State is sufficient to prove beyond a reasonable doubt the elements of residential entry.

Affirmed.

GARRARD, J., and KIRSCH, J., concur.

---

(3) *the commission of another crime, followed by*

(4) *a sentence for the latter crime.*

(emphasis added). Final Instruction # 5 is substantially similar to the pattern instruction. Moreover, it was unnecessary for the trial court

to instruct the jury that sentences entered on the same day or sentences immediately following one another are not separate, unrelated convictions because Mitchell's two convictions were several years apart.