**Jerrell D. WHITE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 15A01–1008–CR–463.

Court of Appeals of Indiana.

June 22, 2011.

Transfer Granted Sept. 9, 2011.

Jeffrey E. Stratman, Aurora, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

In this case, the appellant-defendant Jerrell D. White was convicted of theft for stealing a cash register and cash from a restaurant. He was also convicted of receiving stolen property for divvying up that cash with his accomplice. On March 9, 2011, a panel of this Court concluded that these two convictions violated the prohibition against double jeopardy. *White v. State*, 944 N.E.2d 532, 536–37 (Ind.Ct.App. 2011). Additionally, we vacated the habitual offender finding because one of White's alleged prior felonies was committed when he was fifteen years old, and the State offered no evidence to show that he was charged and convicted as an adult. *Id.*

The State petitions for rehearing arguing that this Court should remand with instructions to the trial court to rehear evidence on the habitual offender enhancement. We grant the State's petition and remand with instructions.

## FACTS

On September 13, 2009, White drove his friend, Michael Hills, to a Golden Corral restaurant in Lawrenceburg. *White*, 944 N.E.2d at 534. White parked the car out of view, hiding behind a construction trailer, while Hills entered the restaurant. *Id.* Hills entered and exited the restaurant a number of times, and the last time he entered the restaurant, he walked to the cash register, pulled it out, and dragged the register and the wires attached to it out the door. *Id.* It was later revealed that the cash register contained $968. *Id.*

Hills told White to open the trunk, which White did, and Hills threw the cash register into the trunk. *Id.* at 535. Then the two men sped away to a nearby casino where the two men divided the cash and began gambling. *Id.*

On September 15, 2009, the State charged White with class C felony robbery, class D felony theft, and class D felony receiving stolen property. *Id.* On March 30, 2010, the State added a count alleging White to be a habitual offender. *Id.*

White represented himself, with "standby" assistance from a public defender, at his jury trial, which began on April 19, 2010. *Id.* After three days of trial, the jury found White not guilty of robbery and guilty of theft and receiving stolen property. *Id.* Following the habitual offender phase of trial, the jury adjudged White to be a habitual offender. *Id.* At the May 20, 2010, sentencing hearing, the trial court

sentenced White to three years imprisonment each for theft and receiving stolen property, to be served concurrently, and enhanced the sentence by four and one-half years for White's status as a habitual offender. *Id.*

In our original opinion, we concluded that White's convictions violated double jeopardy and that there was insufficient evidence supporting the habitual offender finding. *Id.* at 536–37. However, we also determined that there was sufficient evidence to support the theft conviction and that the remaining three-year sentence on that conviction was not inappropriate. *Id.* at 536–38. Consequently, we affirmed in part, reversed in part, and remanded with instructions to vacate the receiving stolen property conviction, the habitual offender finding, and the sentences previously imposed for those two counts. *Id.* at 538.

On April 8, 2011, the State filed a petition for rehearing, arguing that under Indiana law, this Court should have remanded with instructions to the trial court to rehear evidence on the habitual offender enhancement.[1]

### DISCUSSION AND DECISION

▮ The State's sole argument is that this Court erred by vacating the habitual offender finding. As noted above, the State claims that the proper remedy is "to remand with instructions that allow the habitual offender enhancement to be re-tried." Pet. p. 2.

In *Jaramillo v. State,* 823 N.E.2d 1187, 1191 (Ind.2005), our Supreme Court over-ruled existing precedent and held that "the Double Jeopardy Clause does not prevent the State from re-prosecuting a habitual offender enhancement after conviction therefore has been reversed on appeal for insufficient evidence." Similarly, this Court has stated a "habitual offender finding does not constitute a separate crime nor does it result in a separate sentence." *Barnett v. State,* 834 N.E.2d 169, 173 (Ind. Ct.App.2005).

▮ In this case, the habitual offender enhancement was vacated because the State failed to show that White was convicted of the predicate offenses in adult court. More particularly, White was fifteen when he committed burglary and arson and "[a]lthough the documents from Nebraska appear to show that White was tried and convicted in adult court, there was no evidence introduced to establish those facts." *White,* 944 N.E.2d at 537. Pursuant to *Jaramillo,* the State should be permitted to retry the habitual offender enhancement. Therefore, the State's petition is granted and the cause is remanded to the trial court with instructions that it rehear evidence on the habitual offender enhancement. We affirm our original decision in all other respects.[2]

Affirmed and remanded with instructions.

VAIDIK, J., and BARNES, J., concur.

---

1. White did not file a response to the State's petition.

2. We note that in White's original brief, he argued that the trial court had erred by allowing the State to belatedly amend the information to include the habitual offender enhancement count more than ten days after the omnibus date. Appellant's Br. p. 18–19. Because we vacated the habitual offender finding in the original opinion, this argument was moot, and we did not address it. Nevertheless, it is well established that once a trial court permits a belated habitual offender filing, the defendant must move for a continuance in order to preserve the issue for appeal. *Williams v. State,* 735 N.E.2d 785, 789 (Ind. 2000). White did not request a continuance. Accordingly, this argument fails.