ATTORNEY FOR APPELLANT
Jeffrey E. Stratman
Aurora, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

_____



## In the
## Indiana Supreme Court

_____

No. 15S01-1109-CR-545

JERRELL D. WHITE,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

_____

Appeal from the Dearborn Superior Court, No. 15D01-0909-FC-25
The Honorable Jonathan N. Cleary, Judge

_____

On Petition to Transfer from the Indiana Court of Appeals, No. 15A01-1008-CR-463

_____

**March 20, 2012**

**David, Justice.**

The defendant challenges the trial court's decision to allow the State's tardy habitual-offender filing. The defendant also asserts that the evidence was insufficient to support a finding that he is a habitual offender. We hold, under the circumstances of this case, that the defendant did not preserve the issue of whether the trial court properly allowed the habitual-offender filing. We also hold that the authenticated and certified evidence was sufficient to uphold the jury's determination that the defendant had two unrelated adult felony convictions.

## Facts and Procedural History

In September 2009, defendant Jerrell D. White waited in a car while his friend Michael Hills took a cash register from a restaurant. Hills placed the register in the trunk, and White drove himself and Hills to a nearby casino. When police arrived at the restaurant, witnesses gave descriptions of the two men, the car, and the license plate number.

Police officers eventually arrived at the casino, suspecting that the men took the money from the restaurant's register to gamble. Hills was arrested the same day; White was arrested two days later.

The State charged White with Class C felony robbery, Class D felony theft, and Class D felony receiving stolen property. Before trial, the court permitted a late filing of a habitual-offender charge. The State based the habitual-offender charge, in part, on two out-of-state convictions for offenses White committed when he was fifteen years old.

At trial, White represented himself with stand-by assistance from a public defender. Ultimately, the jury found White not guilty of robbery but guilty of both theft and receiving stolen property. The jury also determined White was a habitual offender. The trial court sentenced White to three years for each conviction, to be served concurrently. The trial court then enhanced the sentence by four-and-one-half years for White's status as a habitual offender.

White appealed, raising five distinct issues: (1) the convictions for theft and receiving stolen property violated the prohibition against double jeopardy; (2) the evidence supporting his theft conviction was insufficient; (3) the trial court erred when it allowed the State to amend the information to include a habitual-offender charge; (4) the evidence supporting the habitual-offender finding was insufficient; and (5) the sentence was inappropriate in light of the nature of the offense and the character of the offender.

The Court of Appeals agreed with White's double jeopardy argument and ordered the trial court to vacate the conviction and sentence for receiving stolen property. White v. State, 944 N.E.2d 532, 536 (Ind. Ct. App. 2011). The Court of Appeals also agreed that the evidence was insufficient to support the habitual-offender finding and directed the trial court to vacate the finding and the sentence enhancement. Id. at 537. The Court of Appeals, on the other hand,

2

found sufficient evidence to support the theft conviction and also found that the sentence on the theft conviction was not inappropriate. Id. at 537–38. Finally, the Court of Appeals did not address White's argument regarding the State's late filing to include the habitual-offender charge.

On rehearing, the State argued that the Court of Appeals should have remanded the case to the trial court with instructions to allow the State to retry the habitual-offender enhancement. The Court of Appeals agreed, relying on this Court's decision in Jaramillo v. State, 823 N.E.2d 1187 (Ind. 2005). White v. State, 950 N.E.2d 1276, 1278 (Ind. Ct. App. 2011). In a footnote, the Court of Appeals addressed White's argument regarding the habitual-offender filing. Id. at 1278 n.2. It rejected the argument, noting that White did not request a continuance after the trial court permitted the belated filing and thus White failed to preserve the issue for appeal. Id.

We granted transfer to address (1) the State's belated filing of the habitual-offender charge and (2) the sufficiency of the evidence to support the habitual-offender finding. We summarily affirm the decision of the Court of Appeals that the two convictions violated double jeopardy principles (resulting in vacation of White's conviction for receiving stolen property); that there was sufficient evidence to support the theft conviction; and that the sentence on the theft conviction was not inappropriate. Ind. Appellate Rule 58(A)(2).

## I. Filing of Habitual-Offender Charge

Indiana Code section 35-34-1-5(e) (2008) provides that an amendment of an information to include a habitual-offender charge "must be made not later than ten (10) days after the omnibus date." The trial court, however, may permit the filing of a habitual-offender charge at any time before the commencement of trial "upon a showing of good cause." Ind. Code § 35-34-1-5(e).

White contends that the trial court permitted the State to amend the information to include a habitual-offender charge more than ten days after the omnibus date without any showing of good cause. The State counters that the trial court properly allowed the State to amend the information, noting it was "clear" good cause existed. The State also points to the

3

fact that neither White nor stand-by counsel "lodged any objections to the amended information."

The omnibus date for White's case was March 10, 2010. The State filed its motion to amend the information to include the habitual-offender enhancement on March 25, 2010, which, of course, was more than ten days after the omnibus date. The State's motion did not articulate any grounds for good cause to file the amendment after the ten-day deadline.

The trial court did not set a hearing on the motion. On March 29, 2010, the trial court issued a written order granting the State's motion to include a habitual-offender charge. This order did not contain an explicit finding of good cause, and the State filed its amended information including the habitual-offender charge the next day.

On March 31, 2010, the trial court held an initial hearing on the amended charge. At the hearing, the trial court first asked White whether he received and read the amended information that included the habitual-offender charge, and White answered in the affirmative. A colloquy between the court, the parties, and White's stand-by counsel Mr. Sorge then took place:

| | |
|---|---|
| The Court: | Do you have any questions about what the allegations are? |
| The Court: | Why don't you talk to your attorney first and then after you talk to your attorney you can ask if it's appropriate. |
| Mr. Sorge: | No questions, your Honor. |

.  .  .

| | |
|---|---|
| The Court: | At this time, Mr. Sorge, do you or your client have anything else you wish to put on the record in regards to the initial hearing or any questions? |
| Mr. Sorge: | We just enter a denial of the allegations, your Honor. |
| The Court: | The Court will enter a denial on the habitual offender enhancement. . . . [D]oes either party have anything further at this time? |
| The State: | No, your Honor. |
| Mr. Sorge: | No, your Honor. |

4

At no point during this hearing, at any other point before trial, or any point during trial did White object to the late filing. Furthermore, once the trial court granted the State's motion to include the habitual-offender charge, White failed to request a continuance.

This Court has addressed a late filing under Indiana Code section 35-34-1-5(e) on several occasions. Each case presented a unique set of facts related to the tardy habitual-offender filing. We review the precedent to sort out which legal principles are applicable to the case at hand.

In Daniel v. State, the State belatedly amended the information to add a habitual-offender charge almost nine months after the omnibus date. 526 N.E.2d 1157, 1162 (Ind. 1988). On appeal, the defendant argued that the late filing "denied him his right to proper notice and his right to prepare." Id. This Court stated, "[b]ecause [the defendant] did not object at trial and because he failed to request a continuance . . . he has waived the issue of the State's late filing of the habitual offender allegation." Id. Despite finding this issue waived, the Court delved into the issue of prejudice, finding that the defendant failed to present "any explanation of the manner in which he was prejudiced." Id. Daniel did not discuss the issue of "good cause."

In Haymaker v. State, the State timely filed a habitual-offender charge but then amended that charge on the eve of trial. 667 N.E.2d 1113, 1113 (Ind. 1996). The defendant objected to the amendment before the habitual-offender phase of the bifurcated proceeding, but the trial court permitted the State to proceed. Id. at 1113–14. On appeal, the defendant argued that the trial court erred in allowing the State to amend the habitual-offender information, relying on Indiana Code section 35-34-1-5(e). Id. at 1114. This Court first found that the defendant's reliance on Indiana Code section 35-34-1-5(e) was misplaced because that section dealt with an addition of a habitual-offender charge and not an amendment to an already existing habitual-offender information. Id. Nevertheless, the Court stated, "even if § 35-34-1-5(e) were to apply, defendant has waived this issue for appeal. Once defendant's objection had been overruled, he should have requested a continuance, as required by Daniel v. State, 526 N.E.2d 1157 (Ind. 1988)." Haymaker, 667 N.E.2d at 1114. The defendant contended that he failed to request a continuance because he had filed a speedy trial motion and wanted his trial to proceed as scheduled. Id. This Court rejected that argument and stated, "this fact does not negate waiver." Id. Haymaker also did not discuss "good cause."

In <u>Williams v. State</u>, the defendant asserted that the trial court should not have allowed the State to file a late habitual-offender request. 735 N.E.2d 785, 789 (Ind. 2000). The trial court in that case had made a finding of good cause, based on ongoing plea negotiations. <u>Id.</u> Furthermore, the trial court had also determined that there was sufficient time for the defendant to prepare for trial. <u>Id.</u> This Court reiterated the rules from <u>Daniel</u> and <u>Haymaker</u>: "[O]nce a trial court permits a tardy habitual filing, an appellant must have moved for a continuance in order to preserve the propriety of the trial court's order for appeal. . . . [A] pending motion for speedy trial would not excuse a defendant's failure to seek a postponement." <u>Williams</u>, 735 N.E.2d at 789. After stating that rule, this Court found that the defendant's claim was not preserved. <u>Id.</u> at 790.

Importantly, <u>Williams</u> addressed two Court of Appeals decisions that dealt with tardy habitual-offender filings: <u>Mitchell v. State</u>, 712 N.E.2d 1050 (Ind. Ct. App. 1999), and <u>Attebury v. State</u>, 703 N.E.2d 175 (Ind. Ct. App. 1998). This Court cited <u>Mitchell</u> with approval and disapproved <u>Attebury</u> on at least one point. <u>Williams</u>, 735 N.E.2d at 789–90.

In <u>Attebury</u>, the Court of Appeals addressed the defendant's contention that the trial court erred in allowing the State to file a late habitual-offender charge. 703 N.E.2d at 178. A majority of the Court of Appeals first noted that the trial court had not made a finding of good cause to justify the tardy habitual-offender filing. <u>Id.</u> at 179. On that point, the <u>Attebury</u> majority stated, "[a]s the statute clearly requires a finding of good cause, it is incumbent upon the trial court to so find." <u>Id.</u> It continued, "[f]ailure to do so is an abuse of the trial court's discretion because it ignores the policy clearly set down by the legislature." <u>Id.</u> The majority then addressed the State's argument that the defendant had waived the issue by failing to move for a continuance when the trial court overruled the defendant's objection to the tardy habitual-offender filing. <u>Id.</u> The State had relied on this Court's decision in <u>Haymaker</u> to support its argument. <u>Id.</u> The <u>Attebury</u> majority rejected the contention that <u>Haymaker</u> applied, reasoning,

> There is little reason to impose upon the defendant the requirement that he move to continue any or all of the trial or else waive his right to appeal, particularly where, as here, he has sought a speedy trial, and it is the State's and the trial court's failure to abide by the plain terms of the statute that has placed the defendant in such a perilous position.

6

Id. at 180.

The dissent in Attebury disagreed with the majority on two points. First, the dissent argued that Haymaker dictated that under the circumstances the defendant had waived the issue for appeal because he had failed to seek a continuance. Id. at 181 (Kirsch, J., dissenting). The dissent then stated that notwithstanding the waiver, "the trial court was within its discretion in allowing the belated filing." Id. The dissent noted that when the State sought to amend the information belatedly, the trial court heard arguments from counsel on the late filing and discovered that the State and defendant had been engaged in plea negotiations. Id. The trial court also found that the defendant had known for several months that the State would file the habitual-offender enhancement if the defendant rejected the plea offer. Id. The dissent argued that Indiana Code section 35-34-1-5(e) does not require the trial court to make an "express finding" of good cause. Id. The dissent reasoned,

> By using the phrase "may permit" in IC 35-34-1-5(e), the legislature gave the trial court the discretion to allow or disallow a belated habitual offender enhancement upon a showing of good cause by the State. Trial courts are presumed to know and follow the law. By permitting the filing following its inquiry into the reasons for the delay, the court impliedly found that good cause had been shown and that no prejudice to the defendant would result. The trial court was acting within its discretion. By reversing the trial court's order without finding an abuse of that discretion, the majority impermissibly substitutes its discretion for that of the trial court.

Id. (internal citations omitted).

A separate panel of the Court of Appeals disagreed with the Attebury majority. Mitchell, 712 N.E.2d at 1053. In Mitchell, the Court of Appeals first stated that it read Haymaker as requiring a defendant, to preserve an error for appeal, to seek a continuance once the trial court allows the tardy filing of a habitual-offender charge. Id. Because the defendant in Mitchell did not do so, the Court of Appeals found the issue waived. Id. In a footnote, the Court of Appeals noted its agreement with the Attebury dissent on the issue of whether the trial court must make an express finding of good cause. Id. at 1053 n.3. The Court of Appeals in Mitchell noted that the State, in its motion to add the habitual-offender charge, had articulated grounds for good cause. Id. It found that the trial court did not abuse its discretion when not making an explicit finding of good cause because an explicit finding was not required. Id.

7

This Court found that the Mitchell panel's interpretation of Haymaker was correct and, thus, disapproved Attebury to the extent that opinion held otherwise. Williams, 735 N.E.2d at 789–90. This Court then noted in a footnote that "[t]he Attebury majority also relied on the absence of an articulated finding of the grounds constituting 'good cause', a question not presented by this case." Williams, 735 N.E.2d at 790 n.6.

Shortly after Williams, this Court decided Kidd v. State, 738 N.E.2d 1039 (Ind. 2000). In Kidd, the defendant argued "that the trial court erred in permitting the State to file an information charging him as a habitual offender because it was untimely filed and there was no showing of good cause." 738 N.E.2d at 1041. The defendant also argued he was prejudiced by the late filing. In reviewing defendant's argument, this Court concluded,

> In the recent decision of Williams v. State, 735 N.E.2d 785 (Ind. 2000), this Court disapproved of Attebury reiterating the rule "that once a trial court permits a tardy habitual filing, an appellant must move for a continuance in order to preserve the propriety of the trial court's order for appeal." Id. at 789 (citing Daniel v. State, 526 N.E.2d 1157, 1162 (Ind. 1998); Haymaker v. State, 667 N.E.2d 1113, 1114 (Ind. 1996)). There is no exception to this rule even where a defendant has asked for a speedy trial. Haymaker, 667 N.E.2d at 1114. If the defendant indeed needs additional preparation time, then he may seek a continuance of the habitual offender phase of the proceedings without affecting his rights to a speedy trial on the main charge. Williams, 735 N.E.2d at 789.

Kidd, 738 N.E.2d at 1042. This Court then determined the issue was waived for appellate review. Id. Kidd did not discuss "good cause."

In this case, the State did not articulate any grounds for good cause in its written motion requesting permission to belatedly file the habitual-offender charge. There was no hearing on the State's motion, and the trial court never made an explicit finding of good cause when it granted the State's motion. At the initial hearing on the habitual-offender charge, the issue of good cause was not explored.

On the other hand, White never objected or responded to the State's motion to file the habitual-offender charge. White neither requested a continuance nor expressed any issue with the tardy filing at the initial hearing on the charge. White also failed to raise the issue during trial.

8

Under the facts of this case, this issue has not been preserved for appellate review. This Court's precedent has consistently held that a defendant must request a continuance after a trial court permits a tardy habitual-offender filing to preserve the issue for appeal. This rule, as stated in Kidd, has no exceptions. Importantly, the defendant in Kidd argued that there was no finding of good cause, but this Court did not reach that argument after finding waiver. We believe this conclusion comports with the general waiver principle that "[a] party may not sit idly by and permit the court to act in a claimed erroneous matter and then attempt to take advantage of the alleged error at a later time." Hensley v. State, 251 Ind. 633, 639, 244 N.E.2d 225, 228 (1969).

Had White requested a continuance and had the record continued to remain silent on the issue of "good cause," we would reach a different conclusion. Although we express no opinion on what the record must contain in this hypothetical circumstance, we are not convinced by the State's assertion that we should infer a showing of good cause in this case because "it is clear" good cause existed. Here the record is void on why the State had good cause for the tardy habitual-offender filing, and an appellate court cannot speculate or assume that good cause existed.

Ultimately, to preserve this issue for appeal, a defendant must request a continuance after a trial court permits a tardy habitual-offender filing. But once a defendant requests a continuance, the burden lies with the State to make a showing of good cause to the trial court, and such a showing should be reflected in the record.

## II. Sufficiency of Evidence to Support the Habitual-Offender Finding

Indiana Code section 35-50-2-8 (2008) sets forth the criteria and procedure for habitual-offender enhancements. Relevant to this case is subsection (g), which states that "[a] person is a habitual offender if the jury (if the hearing is by jury) or the court (if the hearing is to the court alone) finds that the state has proved beyond a reasonable doubt that the person had accumulated two (2) prior unrelated felony convictions." I.C. § 35-50-2-8(g).

White asserts a sufficiency-of-the-evidence argument: he argues that "no reasonable fact-finder could have found that [he] had two prior unrelated felony convictions." Here, the State alleged that White was convicted of felony burglary and arson on August 18, 1998, for offenses

9

committed on March 11, 1997. The State also alleged that White was convicted of felony theft by unlawful taking on March 5, 2001, for offenses committed on October 10, 1999. White's date of birth is October 11, 1981, which means he would have been fifteen years old at the time he committed the burglary and arson. White argues that the State failed to present any evidence or explanation to prove beyond a reasonable doubt that the August 18, 1998, convictions were adult felony convictions. The State contends otherwise, directing our attention to exhibits it introduced into evidence.

For sufficiency claims, this Court does not reweigh the evidence but rather looks at the evidence in the light most favorable to the verdict. Toney v. State, 715 N.E.2d 367, 369 (Ind. 1999). If an appellate court deems the evidence insufficient, a habitual-offender determination must be vacated. Id.

It is well-settled that "the State must introduce into evidence proper certified and authenticated records of the defendant's prior felony convictions in order to prove beyond a reasonable doubt the existence of those prior convictions." Dexter v. State, 959 N.E.2d 235, 238 (Ind. 2012) (emphasis omitted). At the habitual-offender phase, the State introduced a number of certified records of the defendant.[1] A detective who investigated White's convictions testified to the authenticity of the documents.

For the felony burglary and arson offenses, the certified "Nebraska State Patrol Criminal History Record" stated that White was "guilty by conviction" for both offenses, and both had the "classification" of "felony." Furthermore, the "Transcript of Docket, Causes for Trial in the County Court of Douglas-County, Nebraska" consistently referred to White as a "defendant" and used the phrase "there is probable cause to believe Defendant guilty as charged in said complaint." Separate documents, both titled "Felony Complaint," refer to "Burglary Class III Felony" and "Arson in the Second Degree Class III Felony." Finally, the "District Court Journal" refers to "Judgment and Sentence" and contains the language "Defendant appeared for sentence upon his plea of Guilty to the charges of Burglary; Arson in the Second Degree." Importantly, it states in part,

---

[1] When the defendant was convicted of the Nebraska offenses at issue, he was using the name Jerrell Walker. Evidence was presented to identify White as having used the alias Jerrell Walker. This evidence was not disputed.

10

[I]t was the judgment and sentence of the court that defendant be imprisoned in an institution under the jurisdiction of the STATE DEPARTMENT OF CORRECTIONAL SERVICES for a period of Twenty Four (24) to Thirty (30) Months as to Burglary on Count I; Twenty Four (24) to Thirty (30) Months as to Arson In The Second Degree on Count IV, no part of which shall be in solitary confinement, and judgment rendered against the defendant[.]

For the felony theft by unlawful taking, the "Order of Probation" referred to White as "defendant" and stated he was "found guilty." It also stated "the Defendant is sentenced to probation for a period of 2 YEARS." Moreover, a document titled "Sentencing Order" from "The District Court of Lancaster County, Nebraska" referred to White's probation being revoked and White being sentenced for "Count I of the Amended Information, Theft by Unlawful Taking . . . a Class IV felony, to 1 year in the Nebraska Department of Correctional Services."

When addressing White's sufficiency argument, the Court of Appeals stated that "[a]lthough the documents from Nebraska appear to show that White was tried and convicted in adult court, there was no evidence introduced to establish those facts." White, 944 N.E.2d at 537. We disagree that additional evidence was required to prove that White was tried and convicted in adult court. Here the jury determined that the State proved beyond a reasonable doubt, based on these documents, that White had two unrelated adult felony convictions. Looking at the evidence in the light most favorable to the jury's verdict, we conclude that these documents were sufficient. In sum, the State was not required to provide additional evidence under these circumstances.[2]

**Conclusion**

The issue of whether the trial court improperly allowed the tardy habitual-offender filing is unavailable on appeal because White failed to move for a continuance at the appropriate time. Furthermore, there was sufficient evidence to support the jury's finding that White was convicted of two unrelated adult felony convictions. Accordingly, we find the habitual-offender enhancement is valid.

---

[2] White frames his argument as a sufficiency argument; however, if White argued that the convictions were invalid in some way, the burden is on him to establish that fact. Underhill v. State, 428 N.E.2d 759, 771 (Ind. 1981).

11

Because we summarily affirm the Court of Appeals on the remaining issues, we affirm the trial court in part and reverse the trial court in part. We remand with instructions to vacate the receiving-stolen-property conviction and the sentence imposed thereon.[3]

Shepard, C.J., and Dickson and Rucker, JJ., concur.

Sullivan, J., dissents believing the opinion of the Court of Appeals to be correct.

---

[3] Although at the end of its opinion the Court of Appeals directs the trial court to vacate White's theft conviction, we note that the Court of Appeals intended that the trial court vacate the receiving-stolen-property conviction instead. This is shown by other language throughout the opinion. White, 944 N.E.2d at 536.