## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 31 2017, 6:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer L. Koethe
La Porte, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Brian Taylor,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 31, 2017

Court of Appeals Case No.
46A05-1608-CR-1938

Appeal from the LaPorte Superior Court

The Honorable Michael S. Bergerson, Judge

Trial Court Cause No.
46D01-1510-F1-904

**Crone, Judge.**

# Case Summary

[1] Following a jury trial, Brian Jordan Taylor appeals his convictions and sentence for level 5 felony criminal recklessness and level 6 felony criminal recklessness. He asserts that the trial court erred in allowing the State to file an amended charging information during trial, claiming that it was a substantive amendment and therefore untimely. He also contends that the trial court abused its discretion in considering certain aggravating factors at sentencing. Finding the amended charging information to be an amendment to form and timely filed, and that the trial court did not abuse its discretion at sentencing, we affirm.

# Facts and Procedural History

[2] On the afternoon of October 22, 2015, Timothy Montson, Dwan Davis, Armanhi Jackson, and a companion walked to a convenience store on the west side of Michigan City. After making their purchases, the four men gathered outside to talk when Montson noticed a silver four-door vehicle drive by them. Montson pointed the vehicle out to his companions, saying, "[H]ey, that's them. There they go again and again and again." Tr. Vol. 2 at 196. Taylor, Martineze Smallwood, and a companion were passengers in the vehicle, and Cameo Crawford was the driver. Montson and his companions went across the street, near the corner of 10th Street and Tennessee Street, to greet a mutual friend. Shortly thereafter, Smallwood exited the vehicle, which had circled back around, and approached Montson and his companions.

[3]  Smallwood was angry about a number of social media postings directed at him by Davis. Smallwood threw a punch, and a fistfight ensued between them on the sidewalk. The fight spilled into the intersection of 10th Street and Tennessee Street while Montson and others observed. Davis eventually gained the upper hand in the fight. Taylor then exited the vehicle, brandished a handgun, and warned Montson and his companions not to intervene in the fight, saying, "None of you mother f**kers move." Tr. Vol. 3 at 231. Taylor placed the gun in his waistband and began to beat and stomp on Davis. Montson took a .380-caliber semiautomatic handgun from Jackson and began walking toward the fight. As Montson walked on the sidewalk, he fired two shots in the air as a diversion.

[4]  Taylor pointed his gun at Montson and fired a shot in retaliation, narrowly missing his head. Montson and his companion sought cover behind a nearby parked truck on 10th Street and a tree. More shots were fired by Taylor as well as by Crawford, who was firing his .40-caliber semiautomatic handgun from the vehicle. Taylor, Crawford, Smallwood, and their companion fled the scene. Taylor and Crawford evaded the police, but were arrested the following day after another attempt to flee. Upon investigation, one bullet from a nine-millimeter Luger semiautomatic handgun and two bullet holes consistent with that caliber handgun were found at the convenience store. Several bullets from a .40-caliber handgun were extracted from the residence at 916 Tennessee Street.

[5] The State charged Taylor with level 1 felony attempted murder against Montson. During the jury trial, the State notified the trial court and Taylor that it would offer an amended charging information adding two counts of level 5 felony criminal recklessness based on Taylor shooting a firearm into a residence at 916 Tennessee Street and into the convenience store. Taylor raised an objection to both counts but failed to move for a continuance. The trial court overruled the objection and allowed the State to file the amended charging information. The trial court instructed the jury about the lesser included offense of level 6 felony criminal recklessness. The jury acquitted Taylor of the attempted murder charge and found him guilty of level 5 felony criminal recklessness as to the convenience store and level 6 felony criminal recklessness as to the residence at 916 Tennessee Street. The trial court sentenced Taylor to a five-year term with one year suspended for the level 5 felony criminal recklessness conviction and a concurrent year-and-a-half term for the level 6 felony criminal recklessness conviction. Taylor now appeals.

## Discussion and Decision

### Section 1- The amended charging information was an amendment to form and timely filed by the State.

[6] Taylor contends that the trial court erred in granting the State's motion to amend the charging information. Amendments to a charging information are governed by Indiana Code Article 35-34-1-5, which reads in relevant part as follows:

(a) An indictment or information which charges the commission of an offense may not be dismissed but may be amended on motion by the prosecuting attorney at any time because of any immaterial defect, including:

(1) any miswriting, misspelling, or grammatical error;

(2) any misjoinder of parties defendant or offenses charged;

…

(9) any other defect which does not prejudice the substantial rights of the defendant.

(b) The indictment or information may be amended in matters of substance and the names of material witnesses may be added, by the prosecuting attorney, upon giving written notice to the defendant at any time:

(1) up to:

(A) thirty (30) days if the defendant is charged with a felony; or

(B) fifteen (15) days if the defendant is charged only with one (1) or more misdemeanors;

before the omnibus date; or

(2) before the commencement of trial;

if the amendment does not prejudice the substantial rights of the defendant. . . . .

(c) Upon motion of the prosecuting attorney, the court may, at any time before, during, or after the trial, permit an amendment to the indictment or information in respect to any defect, imperfection, or omission in form which does not prejudice the substantial rights of the defendant.

(d) Before amendment of any indictment or information other than amendment as provided in subsection (b), the court shall give all parties adequate notice of the intended amendment and an opportunity to be heard. Upon permitting such amendment, the court shall, upon motion by the defendant, order any continuance of the proceedings which may be necessary to accord the defendant adequate opportunity to prepare the defendant's defense.

[7] Specifically, Taylor claims that the additional charges of criminal recklessness "changed the focus of the crime charged from a person [Montson] to two locations," and therefore were amendments of substance and untimely filed.[1] Appellant's Br. at 17-18. Whether an amendment to a charging information or indictment is a matter of substance or form is a question of law, which we

---

[1] Taylor concedes that he did not seek a continuance. The State argues that Taylor's failure to move for a continuance results in waiver of his argument, citing *Haymaker v. State*, 667 N.E.2d 1113, 1114 (Ind. 1996), *Brown v. State*, 912 N.E.2d 881, 890 (Ind. Ct. App. 2009), *trans. denied*, and *Wilson v. State*, 931 N.E.2d 914, 917-18 (Ind. Ct. App. 2010), *trans. denied*. However, these cases involved an amendment to include a habitual offender charge and substantive amendments, respectively. Our review of the case law did not reveal any authority on point for an amendment to form during trial. Because amendments to form can occur at any time so long as the defendant's substantial rights are not prejudiced, it appears to us that failure to move for a continuance regarding an amendment to form would result in waiver since the defendant proceeded to defend his case, after being duly notified and heard by the trial court, to his own possible detriment. Ind. Code § 35-34-1-5(d). Notwithstanding any waiver, we address the merits of Taylor's argument.

review de novo. *Gibbs v. State*, 952 N.E.2d 214, 221 (Ind. Ct. App. 2011), *trans. denied* (2012). As detailed above, substantive amendments are allowed only "before the commencement of trial," while amendments to form may occur at any time, so long as the substantial rights of the defendant are not prejudiced. Ind. Code § 35-34-1-5(b), -(c). This Court has explained that "an amendment is one of form, not substance, if both (a) a defense under the original information would be equally available after the amendment, and (b) the accused's evidence would apply equally to the information in either form." *Gibbs,* 952 N.E.2d at 221.

[8] The original charging information alleged that on or about October 22, 2015, at or about 10th and Tennessee Streets, in Michigan City, Taylor "did attempt to commit the crime of murder by intentionally shooting at [Montson] with a handgun, which conduct constituted a substantial step toward the commission of the crime of murder." Appellant's App. Vol. 2 at 13. Counts 2 and 3 of the amended charging information alleged that on or about October 22, 2015, at or about 10th and Tennessee Streets, in Michigan City, Taylor "did recklessly, knowingly, or intentionally perform an act that created a substantial risk of bodily injury to another person by shooting a firearm into an inhabited dwelling," i.e., the residence at 916 Tennessee Street, and "into a building," i.e., the convenience store. *Id.* at 149.

[9] Taylor's defense to the attempted murder charge was that he did not shoot a firearm during the altercation and that he did not intend to kill Montson. *See* Tr. Vol. 2 at 69-72; Tr. Vol. 6 at 50-51. Similarly, Taylor's defense to the

criminal recklessness charges was that he did not shoot a firearm and that he did not intend to shoot into a dwelling or building. *See* Tr. Vol. 6 at 67-71. In sum, Taylor argued that the State failed to present sufficient evidence, particularly physical evidence, to convict him of any of the charges. The State argued that sufficient evidence was presented, specifically, the testimony of eyewitnesses stating that Taylor pointed the firearm at Montson and fired several shots, the directionality of the bullets, and the nine-millimeter Luger bullet indicative of a third firearm, which could be attributed to Taylor.[2] *See id*. at 77-82.

[10] Our review of the record leads us to conclude that Taylor's defense was "equally available after the amendment" to the charging information and the evidence applies "equally to the information in either form." *Gibbs*, 952 N.E.2d at 221. The evidence that Taylor possessed a firearm, pointed the firearm at Montson, and fired several shots, including a nine-millimeter Luger bullet recovered at the convenience store, applies equally to both the original and amended charging information. All three counts charged that Taylor's criminal conduct took place "at or about at 10th and Tennessee Streets." *See* Appellant's App. Vol. 2 at 149. Notably, during trial, defense counsel acknowledged that "yes, there has been evidence of [criminal recklessness] in the case . . . ." Tr.

---

[2] Taylor argues that his rights were substantially prejudiced by the presentation into evidence of a bullet taken out of the residence at 916 Tennessee Street, which was not provided to him prior to trial. Appellant's Br. at 20. Expert testimony stated that the bullet was fired from the .40-caliber handgun attributed to Crawford. Taylor mistakenly asserts that this evidence was used by the State to bring forth the additional charges of criminal recklessness. However, it is immaterial to the charges brought against Taylor and could not have prejudiced him in any way.

Vol. 4. at 183. Therefore, we hold that the amendment to the charging information was an amendment to form and not substance. The State's amended charging information was not untimely and Taylor's substantial rights were not prejudiced. Accordingly, we affirm his convictions.

## Section 2 – The trial court did not abuse its discretion at sentencing.

[11]    Next, Taylor contends that the trial court erred in considering certain aggravating factors at sentencing. Sentencing decisions are within the purview of the trial court's sound discretion and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of discretion occurs when the sentencing decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* There are several ways a trial court may abuse its discretion. For example, a trial court can abuse its discretion by failing to enter a sentencing statement at all, by articulating reasons in a sentencing statement that are not supported by the record, by omitting reasons in a sentencing statement that are clearly supported by the record, or by articulating reasons that are improper as a matter of law. *Id.* at 490-91.

[12]    Taylor argues that the trial court abused its discretion in finding as an aggravating circumstance that his initial response was to reach for a loaded firearm and shoot in the direction of Montson and others. He contends that his response should not be considered an aggravating factor because it is also an

essential element of the criminal recklessness charge. However, Taylor reads too much into the trial court's sentencing statement. The court merely faulted Taylor for using violent instead of nonviolent means to resolve the dispute between Smallwood and Davis. Thus, we find no abuse of discretion.

[13] The trial court also found as an aggravating factor that Taylor committed these crimes while released on a pending murder charge. While he concedes this is a valid aggravating factor, Taylor argues that the aggravator should be considered in the light of his presumption of innocence, minimal criminal history, and his active dispute of the charge. In short, this is an invitation for this Court to reassess the weight or value assigned by the trial court to the reasons put forth in its sentencing decision. We cannot do so since "the relative weight or value assign[ed] to reasons properly found . . . is not subject to review for abuse." *Anglemyer*, 868 N.E.2d at 491. Moreover, a trial court does not have an obligation to "weigh" aggravating and mitigating factors against each other when imposing a sentence and, therefore, it cannot abuse its discretion for failing to "properly weigh" such factors. *Id.* Having found no abuse of discretion, we affirm Taylor's sentence.[3]

---

[3] Taylor cites Appellate Rule 7(B) as a basis for appellate review. Appellant's Br. at 21. However, Taylor fails to make a specific argument regarding the appropriateness of the sentence in light of the nature of his offenses and his character. This failure results in waiver of any such claim on appeal. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008).

Affirmed.

Mathias, J., and Altice, J., concur.