**Donte KIDD, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 79S00–9911–CR–640.**

Supreme Court of Indiana.

Nov. 16, 2000.

J. Michael Trueblood, Trueblood & Graham, P.C., Lafayette, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

RUCKER, Justice

A jury convicted Donte Kidd of dealing in cocaine as a Class A felony, conspiracy to deal in cocaine as a Class A felony, and possession of cocaine as a Class B felony. The jury also adjudged Kidd a habitual offender. The trial court sentenced Kidd to concurrent forty-year terms for dealing and conspiracy and enhanced the dealing charge by thirty years for the habitual offender adjudication. The trial court entered no sentence on the possession charge. In this direct appeal Kidd raises four issues for our review which we rephrase as follows: (1) did the trial court err in finding good cause to excuse the late filing of the habitual offender charge; (2) did the trial court err in admitting into evidence an audio-taped recording of Kidd's drug transaction; (3) did the trial court err in admitting the deposition testimony of two State witnesses in lieu of live testimony; and (4) did the trial court err in admitting records of Kidd's prior convictions during the habitual offender phase of the trial? Finding no error, we affirm.

**Facts**

The record shows that a confidential informant (C.I.) worked with Indiana State Police in making a controlled drug buy. On January 12, 1999, police searched the C.I., fitted him with a body wire transmitter, and gave him five twenty-dollar bills. The C.I. first called Will Thomas in an attempt to set up a drug deal. The C.I. then met Thomas and the pair drove to a location near a school where Kidd joined them. Kidd got into the car and instructed the C.I. to drive to a nearby house. The C.I. gave Kidd one hundred dollars whereupon Kidd exited the car, entered the house, and returned shortly thereafter. Kidd then handed the C.I. a white chalky substance later identified as cocaine. The State charged Kidd with dealing in cocaine, conspiracy to deal in cocaine, and possession of cocaine. The State also alleged that Kidd was a habitual offender. After a jury trial, Kidd was convicted as charged and also adjudged a habitual offender. The trial court sentenced Kidd to concurrent forty-year terms for dealing and conspiracy and enhanced the dealing charge by thirty years for the habitual offender adjudication. The trial court entered no sentence on the possession charge, merging it instead with Kidd's conviction for dealing. This appeal followed. Additional facts are set forth below.

**Discussion**

**I.**

Under Indiana Code § 35–34–1–5(e) an amendment of an indictment or information to include a habitual offender charge "must be made not later than ten (10) days after the omnibus date." However the trial court may permit the filing of a habitual offender charge at any time before trial begins provided the State shows good cause. Ind. Code § 35–34–1–5(e). In this case, the State filed the habitual offender charge on July 8, 1999, forty-nine days after the omnibus date and twenty days before the scheduled trial date. Kidd contends that the trial court erred in permitting the State to file an information charging him as a habitual offender because it was untimely filed and there was no showing of good cause. Kidd also complains that he was not adequately prepared for the additional witnesses the State proposed to call during the habitual offender phase of trial. Kidd did not move for a continuance, but citing *Attebury v. State,* 703 N.E.2d 175 (Ind.Ct.App.1998), he argues that he should not be forced to

forfeit his right to a speedy trial in order to meet the State's untimely filing.

In the recent decision of *Williams v. State*, 735 N.E.2d 785 (Ind.2000), this Court disapproved of *Attebury* reiterating the rule "that once a trial court permits a tardy habitual filing, an appellant must move for a continuance in order to preserve the propriety of the trial court's order for appeal." *Id.* at 789 (citing *Daniel v. State*, 526 N.E.2d 1157, 1162 (Ind. 1988); *Haymaker v. State*, 667 N.E.2d 1113, 1114 (Ind.1996)). There is no exception to this rule even where a defendant has asked for a speedy trial. *Haymaker*, 667 N.E.2d at 1114. If the defendant indeed needs additional preparation time, then he may seek a continuance of the habitual offender phase of the proceedings without affecting his rights to a speedy trial on the main charge. *Williams*, 735 N.E.2d at 789. Because Kidd did not move for a continuance, this issue is waived for review.

## II.

██ Kidd next contends the trial court erred in admitting into evidence an audio recording of his alleged drug transaction because it lacked sufficient clarity. The foundational requirements for the admission of a tape recording made in a noncustodial setting are: (1) that the recording is authentic and correct; (2) that it does not contain evidence otherwise inadmissible; and (3) that it be of such clarity as to be intelligible and enlightening to the jury. *McCollum v. State*, 582 N.E.2d 804, 811–12 (Ind.1991). The trial court has wide discretion in determining whether these criteria have been met. *Id.* at 812.

██ After listening to the tape, we have concluded that the trial court did not abuse its discretion in admitting the recording into evidence. Although brief portions of the recording are somewhat inaudible due to static, interference, and background noise, we disagree with Kidd's contention that the audiotape is "generally unintelligible." Brief of Appellant at 12.

As we noted in *Fassoth v. State*, 525 N.E.2d 318 (Ind.1988), the standard of quality expected of a recording in an interrogation room cannot be used to judge a recording of a person wearing a wire transmitter. *Id.* at 324 (upholding the admission of a non-custodial recording of a drug transaction and observing "Because of clothing worn over the microphone and Fassoth's moving about in and out of the car, interference and static on the tape were inevitable."). It is clear from the recording that the C.I. and Thomas were involved in a drug transaction with a third person later identified as Kidd. We find no error here.

## III.

██ Kidd complains the trial court erred in admitting the deposition testimony of two witnesses in lieu of their live testimony at trial. The facts are these. Indiana State Police Trooper Fred Davis conducted surveillance of the drug transaction, and Indiana State Police Chemist Kristen Sturgeon conducted the laboratory testing. Before Kidd had been charged in this case, both Davis and Sturgeon had made plans to leave Indiana for vacation: Davis to Canada and Sturgeon to an undisclosed location. Because the two witnesses would not be present for trial, the State scheduled their depositions giving notice to Kidd's trial counsel. Although Kidd did not attend the depositions, his counsel attended and vigorously cross-examined both witnesses. At trial, the State argued that Davis and Sturgeon were unavailable and offered their depositions in lieu of live testimony. Over Kidd's objection, the trial court agreed that both witnesses were unavailable and admitted their deposition testimony under Indiana Trial Rule 32(A). On appeal, Kidd complains the trial court erred in so doing because "going on vacation is not an acceptable circumstance [that] would justify the use of the deposition in lieu of live testimony."

Brief of Appellant at 15.[1] Kidd is mistaken.

█ Under T.R. 32(A)(3)(b) the deposition testimony of an absent witness is admissible at trial provided the court finds "that the witness is outside the state, unless it appears that the absence of the witness was procured by the party offering the deposition." The admission of depositions into evidence is within the discretion of the trial court, and we will reverse the trial court's decision only for an abuse of that discretion. *Smith v. State*, 702 N.E.2d 668, 675 (Ind.1998); *see also Moore v. State*, 569 N.E.2d 695, 700 (Ind.Ct.App. 1991) (finding no abuse of discretion in admitting police officer's deposition in lieu of live testimony where officer was out of state on vacation). The record is clear that both witnesses were outside the state at the time of trial. Further, Kidd does not contend, nor does the record show, that the State procured the absence of either witness. We find no abuse of discretion here.

## IV.

█ Kidd lastly alleges that the trial court erred in admitting records of his prior convictions during the habitual offender phase of the trial because they were not properly certified. The State introduced three exhibits detailing Kidd's convictions and sentences for prior felony offenses he committed in the State of Washington. Each exhibit consisted of eleven pages and contained a certification on a final, separate page. The certifications were that of a deputy clerk of the Washington court in which Kidd received his prior convictions. Kidd argues that the single certification found in each exhibit without reference to the pages being certified is an insufficient authentication of the multi-paged exhibits. He claims that the exhibits required "individualized authentication of each page [or] proper reference to the number of pages being certified so as to make them admissible." Brief of Appellant at 17.

█ The requirement of authentication as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the item in question is what its proponent claims. Ind. Evidence Rule 901(a). An item may be authenticated by any method provided by rule of this Court, statute, or state constitution. Evid.R. 901(b)(10). The seal of a public officer "having official duties in the district or political subdivision in which the record is kept" may authenticate an official record. *Hernandez v. State*, 716 N.E.2d 948, 951 (Ind.1999), *reh'g denied* (citing Ind. Trial Rule 44(A)(1)). Rule 44 does not mandate that certification take a particular form. *Id.* at 951–52.

We recently rejected a nearly identical claim in *Hernandez*. The challenged exhibits in that case consisted of a two-page probable cause affidavit containing a certification stamp and signature of the clerk on the first page only and a three-page sentencing order containing a certification stamp and signature of the clerk on the last page only. In each exhibit, the clerk had left blank a part of the stamp providing for the total page numbers being certified. Our review of the exhibits revealed that each one was clearly a complete, individual document. This led us to conclude that "[t]he certification on a single 'page' of either challenged exhibit provided adequate certification for the entirety of each exhibit as the certification placement 'in no way caus[ed] confusion as to the authenticity of the paper.'" *Id.* at 952 (citations omitted).

The same is true here. The three documents at issue are nearly identical in form but refer to different criminal proceedings.

---

1. Kidd does not raise a Confrontation Clause violation and thus we do not address the issue here. *See Jackson v. State*, 735 N.E.2d 1146, 1151 (Ind.2000) (observing "Rule 32(A) is not applicable to claims involving a violation of a defendant's Sixth Amendment right of confrontation.").

The first page of each document states the cause number for a particular case with a caption and summary disposition of the case. Each paragraph thereafter is sequentially numbered and consists of a series of inquiries. Additionally, the pages in each exhibit are sequentially numbered at the bottom. Although the numbering ceases near the end of each exhibit, the sequentially numbered paragraphs do not. Furthermore, in two of the exhibits the final page is marked with a cause number identical to that of the first page, while the other exhibit contains, on the first and last page, a designation exclusive to that document, "02–93–86733–0." The trial court properly admitted the exhibits into evidence. We find no error.

### Conclusion

We affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.