Joseph B. GARNER, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 31S01–0202–CR–132.

Supreme Court of Indiana.

Oct. 29, 2002.

Matthew Jon McGovern Louisville, KY, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General Indianapolis, IN, Attorneys for Appellee.

**ON PETITION TO TRANSFER**

SULLIVAN, Justice.

Defendant Joseph B. Garner was convicted of three counts of child molestation for having sex and engaging in other sexual activities with the daughter of the woman with whom he lived. We affirm, finding two video depositions admitted at trial did not fall within a hearsay exception but that their admission constituted harmless error.

*Background*

In July 1998, Defendant moved in with his girlfriend, Anna Camp, and her three daughters: S.C., age thirteen; T.C., age twelve; and L.C., age five. Between July and November 1999, while Defendant resided with the Camp family, he had sexual intercourse with T.C. on numerous occasions and participated in various other sex acts with T.C. Among the evidence at trial were blood tests that identified an aborted fetus as having been conceived by Defendant.

Defendant was arrested and charged with one count of child molesting by sexual intercourse, a Class A Felony,[1] one count of child molesting by deviate sexual conduct, a Class A Felony,[2] and one count of child molesting by fondling, a Class C felony.[3]

On July 21, 2000, Defendant was convicted of all three counts. On August 14, 2000, after finding numerous aggravating circumstances, the trial court sentenced Defendant to the maximum sentence on each of the three counts and ordered the sentences to run consecutively, for a total of 108 years. Rejecting Defendant's claims, the Court of Appeals affirmed the convictions and sentences.[4] *Garner v. State,* 754 N.E.2d 984 (Ind.Ct.App.2001). We previously granted transfer, 774 N.E.2d 508 (Ind. Feb.22, 2002) (table), and now affirm the judgment of the trial court.

*Discussion*

Defendant contends that he was deprived of his right of confrontation, under both the U.S. Constitution[5] and the Indiana Constitution,[6] by not having the

1. IND.CODE § 35-42-4-3(a).

2. *Id.*

3. *Id.* § 35-42-4-3(b).

4. Defendant raises four issues on appeal. In this opinion, we address his claim that the trial court committed reversible error when it admitted into evidence the depositions of two witnesses who were not available to testify at trial because they were out-of-state on vacation. As to his remaining claims, the Court of Appeals held that (1) the charging information was not unconstitutionally vague; (2) the trial court had not committed error when it admitted evidence of uncharged sexual conduct between Defendant and the victim and her sister; and (3) Defendant's sentence was not improper. *Garner v. State,* 754 N.E.2d 984, 992-93, 997 (Ind.Ct.App.2001). As to these three issues, we summarily affirm the opinion of the Court of Appeals pursuant to Indiana Appellate Rule 58(A).

5. U.S. CONST. amend. VI.

6. IND. CONST. art. I, § 13.

chance to cross-examine two State witnesses, Dr. Howard and Mr. Mosley, since the trial court deemed them "unavailable" and permitted the admission of their videotaped depositions. According to Defendant, since both witnesses provided links in the chain of custody for blood tests that identified him as the father of the aborted fetus, they were fundamental State witnesses and admission of their depositions in lieu of live testimony was reversible error.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. IND. EVID. R. 801(c). Generally, deposition testimony of an absent witness offered in court to prove the truth of the matter asserted constitutes classic hearsay. *Jackson v. State,* 735 N.E.2d 1146, 1150 (Ind.2000). Possible exceptions to the hearsay rule lie under both Indiana Trial Rule 32 and Indiana Evidence Rule 804, which allow the use of prior recorded testimony in lieu of live testimony in certain circumstances. The decision to invoke the rule allowing admission of prior recorded testimony such as a deposition, is within the sound discretion of the trial court. *See Freeman v. State,* 541 N.E.2d 533, 538 (Ind.1989).

Nevertheless, the constitutional right of confrontation restricts the range of admissible hearsay by requiring (1) that the statements bear sufficient indicia of reliability and (2) that the prosecution either produce the declarant or demonstrate the unavailability of the declarant whose statement it wishes to use against the defendant. *Jackson,* 735 N.E.2d at 1150. Depositions that comport with the principal purposes of cross-examination provide sufficient indicia of reliability. *Id.*

Defendant and his attorney both attended the depositions of the two absent witnesses. During the depositions, Defendant's attorney extensively questioned the two witnesses regarding their credentials and the handling of the specimens. Thus, there was ample opportunity to challenge the witnesses' truthfulness and memory. Consequently, the videotaped depositions demonstrated sufficient indicia of reliability.

We have a different view on the question of whether the two witnesses were unavailable. A witness is unavailable for purposes of the Confrontation Clause requirement only if the prosecution has made a good faith effort to obtain the witness's presence at trial. *Jackson,* 735 N.E.2d at 1151. Even though Trial Rule 32(A) permits use of an absent witness's deposition testimony if the court finds that the "witness is outside the state, unless it appears that the absence of the witness was procured by the party offering the deposition," we have previously determined that this trial rule is not applicable to claims involving a violation of the defendant's Sixth Amendment right of confrontation. *See id.* The issue is not whether the witnesses were out-of-state at the time of trial, but whether the State made a good faith effort to obtain the absent witnesses' attendance at trial.[7] *See id.* Even if there

7. Previously, this Court determined that going on vacation was an acceptable circumstance that would justify the use of deposition testimony in lieu of live testimony. *See Kidd v. State,* 738 N.E.2d 1039, 1042–43 (Ind.2000). However, *Kidd* does not decide the outcome in the present case because it did not involve a right of confrontation violation. *See id.* n. 1. In that case, both witnesses were out-of-state on vacation at the time of trial. That was sufficient to constitute "unavailability" under Trial Rule 32(A). We affirmed the trial court's determination to use the deposition testimony of the two witnesses based on a literal reading of the Trial Rules.

This case, on the other hand, raises the right of confrontation issue missing in *Kidd.* Thus, as was expressed in *Jackson,* Trial Rule

is only a remote possibility that an affirmative measure might produce the declarant at trial, the good faith obligation *may* demand effectuation. *See Gillie v. State,* 512 N.E.2d 145, 150 (Ind.1987). Reasonableness is the test that limits the extent of alternatives the State must exhaust. *See id.*

The record does not reflect that the State made much of an effort at all to gain the attendance of the two witnesses. Granted, upon learning the two witnesses would be out-of-town at the time of trial, the State took steps necessary to preserve testimony via videotaped depositions. However, Defendant requested that a different matter be tried before the start of the present trial, which perhaps would have allowed time for the return of the witnesses, and the State chose not to agree. Instead, the State pushed this trial forward, knowing that two witnesses would not be present in the courtroom.

A mere vacation is not sufficient to circumvent the right of confrontation. There is no indication as to the duration of the two respective trips but common sense dictates that, provided the trip is not of such a length as to circumvent the defendant's right to a speedy trial and grind the wheels of justice to a halt, a postponement of the proceedings would have constituted a good faith effort to procure attendance. Thus, the State could have either agreed to try the other matter before trying this one, or could have sought a continuance to enforce a subpoena. The better practice would be for parties faced with this situation to sort it out before trial and come to a mutually amicable solution. In this case, such alternatives presented more than a "mere possibility" that the witnesses could have testified in person.[8]

Nonetheless, a denial of the right of confrontation is harmless error where the evidence supporting the conviction is so convincing that a jury could not have found otherwise. *See Jackson,* 735 N.E.2d at 1152; *Carter v. State,* 266 Ind. 140, 145–46, 361 N.E.2d 145, 148 (1977) (Where "evidence ... is so convincing that a jury could not properly find against it, ... we are warranted in a determination that error was harmless beyond a reasonable doubt."). The evidence in this case meets this standard. Even if there was insufficient evidence to establish a chain of custody for the blood sample and products of conception samples, T.C. testified regarding repeated sexual acts between her and Defendant. A conviction for child molesting may rest exclusively upon the uncorroborated testimony of the victim. *See Jackson,* 735 N.E.2d at 1152; *Spurlock v. State,* 675 N.E.2d 312, 316 n. 4 (Ind.1996). However, we do not have to rely on T.C.'s uncorroborated testimony. Rather, her testimony was largely corroborated by S.C.'s testimony. In addition, Defendant's confession, State's Ex. 1B, admits to oral sex and admits to having sexual intercourse with T.C. at least six times. Thus, erroneous admission would not warrant reversal because chain-of-custody testimony regarding paternity issues would merely be cumulative of other evidence that could

32(A) does not provide a defense for a Confrontation Clause violation. *Jackson,* 735 N.E.2d at 1151. As such, we cannot stop at a determination of "unavailability" under the Indiana Trial Rules. Rather, we must look to what is required under the Rules of Evidence and constitutional law.

8. The State asserted at oral argument that Defendant had waived any Sixth Amendment claim by continuing to participate in the depositions without voicing any disagreement to their use at trial when it became clear that both witnesses would be out-of-town at the time of trial. As this argument is not outcome determinative, we decline to address it.

properly be used to find Defendant's sexual activity with T.C. *See Grund v. State,* 671 N.E.2d 411, 416 (Ind.1996).

We hold that although the trial court erred by admitting the videotaped depositions of the two absent witnesses, the error was harmless beyond a reasonable doubt.

### Conclusion

Having previously granted transfer pursuant to Indiana Appellate Rule 58(A), we summarily affirm the opinion of the Court of Appeals as to the issues discussed in footnote 1, and affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.