Shawn M. FALLS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 82A01–0301–CR–20.

Court of Appeals of Indiana.

Oct. 16, 2003.

Transfer Denied Jan. 14, 2004.

Jon Aarstad, Vanderburgh County Public Defender Agency, Evansville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Following a jury trial, Shawn M. Falls was convicted of three counts of Forgery, as Class C felonies, and was also adjudicated to be an habitual offender. Falls now appeals the habitual offender determination and presents a single issue for review: whether the trial court erred when it found good cause to excuse the State's late filing of the habitual offender information.

We affirm.[1]

### FACTS AND PROCEDURAL HISTORY

In December 2001, Falls took several blank checks from Sheila Bye's checkbook.

---

1. We deny Falls' request for oral argument.

He then wrote three of those checks payable to himself, signed Bye's name, and cashed them. Bye had not given Falls permission to do any of those things.

On March 1, 2002, the State charged Falls with three counts of forgery. During the initial hearing on April 10, the trial court set an omnibus date for June 24. On June 12, the court scheduled a trial date for August 5. On August 1, the court vacated the August 5 trial date and ordered the parties to appear on August 7 "for plea." Because Falls failed to appear on August 7, the court issued a warrant for his arrest. The parties later appeared on August 23, and the court rescheduled that hearing for August 27. On that date, the State moved to file its habitual offender information. Falls objected, and the court took the matter under advisement.

On August 30, following a hearing, the court granted the State's motion. The Chronological Case Summary ("CCS") entry provides in relevant part:

> Court finds good cause exists for the late filing of the habitual offender charge and that the State made [Falls] aware of the possibility that the habitual count may be filed at the time the case was filed. There is no trial date presently set so [Falls] will not be prejudiced in the filing of this late charge. The parties were negotiating a plea up to and through the omnibus date and that plea negotiations failed [sic]. Consequently, the State is allowed to file their late habitual offender charge which will be read to [Falls] when he is brought into court.

Thereafter, a jury convicted Falls of all charges and determined him to be an habitual offender. This appeal ensued.

## DISCUSSION AND DECISION

Falls asserts that the trial court erred when it allowed the State to file its untimely habitual offender information. The State responds that Falls failed to preserve this issue for appeal and contends, in the alternative, that the court properly found good cause shown under the circumstances. We address these arguments in turn.

■ Under Indiana Code Section 35–34–1–5(e), an information to include an habitual offender charge "must be made not later than ten (10) days after the omnibus date." However, upon a showing of good cause, the court may permit the filing of an habitual offender charge at any time before the commencement of trial. *Id.; Kidd v. State,* 738 N.E.2d 1039, 1041 (Ind. 2000). This court has determined that by using the phrase "may permit," the legislature has given the trial court discretion to allow or disallow a belated habitual offender charge upon a showing of good cause. *Watson v. State,* 776 N.E.2d 914, 917 (Ind. Ct.App.2002); *Mitchell v. State,* 712 N.E.2d 1050, 1053 n. 3 (Ind.Ct.App.1999). Thus, we review a trial court's determination that the State has shown good cause for its belated habitual offender filing for an abuse of discretion. *See Watson,* 776 N.E.2d at 918.

### A. Waiver

■ The State asserts that Falls has waived his habitual offender claim because he failed to seek a continuance of the trial date after the trial court allowed the State to file the habitual offender information. In support, the State directs us to cases in which our supreme court and this court have held that "once a trial court permits a tardy habitual filing, an appellant *must* have moved for a continuance in order to preserve the propriety of the trial court's order for appeal." *Williams v. State,* 735 N.E.2d 785, 789 (Ind.2000) (citing *Daniel v. State,* 526 N.E.2d 1157 (Ind.1988)) (em-

phasis added); *see also Kidd*, 738 N.E.2d at 1041; *Mitchell*, 712 N.E.2d at 1053.

We agree with Falls that those cases are distinguishable. First, in *Williams, Kidd* and *Mitchell*, the State sought to file an habitual offender charge when there was an existing trial date set. Accordingly, we held that the defendants in those cases were required to file a motion to continue the existing trial dates to properly preserve an attack on the State's late filing of the habitual offender charge. Here, however, there was no existing trial date when the court granted the State's motion to file the belated charge. Thus, to require Falls to have filed a motion to continue a trial date which did not exist would have been futile.

In addition, the State suggests that, to properly preserve his claim, Falls should have requested a continuance on or after September 23, 2002, when the court scheduled his trial date for November 20, 2002. But the State cites no authority for that proposition, and we do not find it convincing where, as here, Falls does not claim that he was unable to prepare his defense for the habitual offender portion of the trial because of the State's late filing. *Cf. Daniel*, 526 N.E.2d at 1162 (stating defendant "may not now complain of an inadequate opportunity to prepare his defense as he did not move for a continuance on the ground that the State's amendment of the original information through its filing of the habitual offender allegation prejudiced his rights."). Rather, when the State moved to file the habitual offender charge, both at trial and on appeal, Falls' sole contention has been that the State did not show good cause for its late filing. We see no reason to apply the rule requiring defendants to seek a continuance under these circumstances where no trial date had been set. Thus, we conclude that

Falls properly preserved his argument for appeal.

## B. Good Cause

■ Again, the trial court scheduled the omnibus date for June 24, 2002, and the State moved to file the habitual offender charge on August 27, 2002. Because the State sought to file the habitual offender charge more than ten days after the omnibus date, the court could only allow the late filing of that charge if the State made a showing of good cause. *See* I.C. § 35–34–1–5(e).

In *Mitchell*, 712 N.E.2d at 1053 n. 3, while we held that the defendant failed to properly preserve the habitual offender charge issue for appeal, we nevertheless determined that the trial court in that case did not abuse its discretion when it found good cause shown for the State's late filing of the habitual offender charge where: (1) plea negotiations had been unsuccessful; (2) until the last pre-trial conference, the State believed that plea negotiations would resolve the matter; (3) the State had reviewed the defendant's criminal record and determined that the habitual offender charge was proper; and (4) the State informed the court that it would agree to a continuance of the trial date upon the defendant's request.

Here, the trial court was presented with circumstances similar to those in *Mitchell*. Specifically, the State and Falls were involved in plea negotiations, pursuant to which the State agreed not to file the habitual offender charge if Falls accepted the State's offer. Accordingly, Falls knew of the possibility of the habitual offender charge being filed at some point. In addition, our review of the CCS shows that the plea negotiations continued beyond the omnibus date. Indeed, on August 1, 2002, over one month after the omnibus date, the court vacated the trial date of August 5 and ordered the parties to appear on Au-

gust 7 "for plea." Like in *Mitchell*, Falls cannot show prejudice as a result of the new charge,[2] and the State failed to file the new charge within the statutory time limit because of the parties' ongoing plea negotiations.

Still, Falls relies heavily on our opinion in *Hooper v. State*, 779 N.E.2d 596, 602 (Ind.Ct.App.2002), where we held that the trial court erred when it allowed the State to file an habitual offender enhancement. But *Hooper* is inapposite. In that case, the State did not offer any showing of good cause for the late filing. Unlike here, the State in *Hooper* argued that the late filing comported with the ten-day statutory limit. *Id.* In sum, we conclude that the trial court did not abuse its discretion when it determined that the State had demonstrated good cause for its late filing of the habitual offender charge.

Affirmed.

ROBB and MATHIAS, JJ., concur.

**2.** Falls' contention that his substantial rights were prejudiced by the habitual offender charge because it added a term of years to his sentence misses the mark. Prejudice is not measured by the possibility of an enhanced sentence. If it were, the filing of an habitual offender charge in every case would be deemed prejudicial to the substantial rights of the defendant.