ATTORNEY FOR APPELLANT
Steven T. Marbley-El, *pro se*
Westville, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Nicole M. Schuster
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED
Jun 24 2010, 2:28 pm

CLERK
of the supreme court,
court of appeals and
tax court

No. 71S03-1006-PC-329

STEVEN T. MARBLEY-EL,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the St. Joseph Superior Court,
No. 71D01-0808-PC-35,
The Honorable Jane Woodward Miller, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 71A03-0907-PC-295

**June 24, 2010**

**Per Curiam.**

Steven Marbley-El pleaded guilty to a robbery he committed in October 2006. The trial court advised him that he was giving up his right to a jury trial on the robbery charges, but did

not advise him he was giving up any right to a jury trial with respect to sentence enhancements. Marbley-El was sentenced to six years, which is two years more than the four-year advisory sentence for a Class C felony. *See* Ind. Code § 35-50-2-6 (2008 Repl. Vol.).

In post-conviction proceedings, Marbley-El argued the absence of a jury-trial advisement about sentence enhancements entitled him to relief. *See* Boykin v. Alabama, 395 U.S. 238, 243 (1969) (requiring that a defendant be aware of his right to trial by jury before a trial court accepts a guilty plea). The trial court denied relief and the Court of Appeals affirmed in an unpublished memorandum decision. Marbley-El v. State, No. 71A03-0907-PC-295, slip op. (Ind. Ct. App. Nov. 19, 2009), *reh'g denied* (2010).

Marbley-El asserts he was entitled to a jury trial on any factors that enhanced his sentence beyond four years. He relies on Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004); *see also* Smylie v. State, 823 N.E.2d 679 (Ind. 2005) (holding Indiana's former sentencing scheme to be unconstitutional after Blakely).

However, Blakely's analysis does not apply here because Marbley-El committed the robbery after Indiana's legislature enacted the present "advisory" sentencing scheme. Courts may now impose any sentence within the statutory range for the crime; a sentence at the high end of the range under the present scheme is not an "enhanced sentence" for Blakely and Smylie purposes. *See, e.g.,* Anglemyer v. State, 868 N.E.2d 482, 489 (Ind. 2007). Therefore, Marbley-El was not entitled to a jury determination of the factors that led to his six-year sentence, and the trial court correctly did not advise him that he was.

2

We grant Marbley-El's petition to transfer jurisdiction, and summarily affirm the Court of Appeals. *See* Ind. Appellate Rule 58(A)(2).

Shepard, C.J., and Dickson, Sullivan, Boehm, and Rucker, JJ., concur.