**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MICHAEL E. BOONSTRA**
Logansport, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JODI KATHRYN STEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JAMIE FARMER,                                )
                                             )
    Appellant-Defendant,                   )
                                             )
       vs.                             )     No. 09A04-1208-CR-448
                                             )
STATE OF INDIANA,                            )
                                             )
    Appellee-Plaintiff.                    )

APPEAL FROM THE CASS SUPERIOR COURT
The Honorable Richard A. Maughmer, Judge
Cause No. 09D02-1107-FB-22

March 8, 2013

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

## STATEMENT OF THE CASE

Jamie Farmer appeals her conviction and sentence for dealing in a schedule II controlled substance, a Class B felony. Ind. Code § 35-48-4-2 (2001). We affirm.

## ISSUES

Farmer raises two issues, which we restate as:

I.      Whether the trial court abused its discretion in admitting evidence.

II.     Whether her sentence is inappropriate.

## FACTS AND PROCEDURAL HISTORY

Elijah Helderman worked as a confidential informant for the Logansport Police Department. He informed Sergeant James Klepinger that he could buy prescription drugs from Farmer. On June 2, 2010, Klepinger and Helderman met at a parking lot near Farmer's apartment. Klepinger searched Helderman and determined that he did not have any contraband on him. Next, Klepinger provided Helderman with a hidden device capable of recording audio and video.

Helderman walked to Farmer's apartment and met her outside. Farmer escorted Helderman into her apartment. In the apartment, Helderman gave Farmer $40, and she gave him some pills. Helderman returned to the parking lot, where Klepinger was waiting. Helderman handed Klepinger the pills, and when Klepinger searched Helderman he did not find any other contraband. The police sent the pills to the Indiana State Police Laboratory for analysis. Two of the pills were found to contain amphetamine.

The State charged Farmer with two counts of dealing in a schedule II controlled substance. At trial, the recording of the buy was admitted into evidence over Farmer's objection, and a portion of it was played for the jury. The jury determined that Farmer was not guilty of the first count but was guilty of the second count, which involved the pills that contained amphetamine. The trial court sentenced Farmer to ten years. This appeal followed.

DISCUSSION AND DECISION

I. ADMISSION OF EVIDENCE

Farmer argues that the recording of the buy was of such poor quality that it confused and misled the jury and should not have been admitted. The admission or exclusion of evidence rests within the sound discretion of the court, and we review for an abuse of discretion. *Conley v. State*, 972 N.E.2d 864, 871 (Ind. 2012). An abuse of discretion occurs when the court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.*

Indiana Evidence Rule 403 provides that evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." The foundational requirements for admission of a recording made in a noncustodial setting are: (1) that the recording is authentic and correct; (2) that it does not contain evidence otherwise inadmissible; and (3) that it is of such clarity as to be intelligible and enlightening to the jury. *Kidd v. State*, 738 N.E.2d 1039, 1042 (Ind. 2000).

We have reviewed the recording. The video footage swings around and is frequently upside down, and the audio is difficult to understand at certain points. However, it is clear from the recording that Farmer asked Helderman how much he wanted, to which he replied, "Two?" State's Ex. 1. She then handed him something, stating, "Here you go." *Id.* This recording had probative value because it corroborated Helderman's and Klepinger's testimony, and it is sufficiently intelligible to have been of use to the jury. Consequently, the trial court did not abuse its discretion in admitting the recording. *See Kidd*, 738 N.E.2d at 1042 (affirming the admission of an audio recording that had some inaudible portions but was sufficiently intelligible to demonstrate that a drug transaction had occurred). [1]

## II. APPROPRIATENESS OF SENTENCE

Farmer contends that this Court should reduce her sentence because she has longstanding substance abuse problems. [2]

Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due

---

[1] Farmer also claims that if this Court determines that the trial court abused its discretion by admitting the recording into evidence, then without the recording there is insufficient evidence to sustain her conviction. Having determined that the recording was properly admitted, we need not address this claim.

[2] Farmer also argues that the trial court should have provided a "statement about the relevant weight given to the mitigating or aggravating circumstances" during sentencing. Appellant's Br. p. 12. A trial court has no obligation to weigh aggravating and mitigating factors against each other and cannot be said to have abused its discretion in failing to properly weigh such factors. *Kimbrough v. State*, 979 N.E.2d 625, 628 (Ind. 2012).

consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.* at 494. In making this determination, we may look to any factors appearing in the record. *Calvert v. State*, 930 N.E.2d 633, 643 (Ind. Ct. App. 2010).

We first look to the statutory range established for the class of the offense. At the time Farmer committed her crime, the advisory term for a Class B felony was ten years, with a minimum of six years and a maximum of twenty years. Ind. Code § 35-50-2-5 (2005). The trial court sentenced Farmer to the advisory sentence of ten years.

We next look to the nature of the offense and the character of the offender. Regarding the nature of the offense, Farmer sold pills containing a schedule II controlled substance, amphetamine, to Helderman.

Turning to the character of the offender, Farmer's criminal history consists of three infractions and two misdemeanors. One of the misdemeanor convictions is for possession of marijuana. Farmer was placed on probation once, and she violated the terms of probation.

More troubling is Farmer's admitted history of drug abuse. She conceded that she has used methamphetamine and marijuana regularly since the age of nineteen (she was thirty-four at the time of her sentencing hearing). Farmer's lengthy history of illegal substance use undermines her otherwise relatively unremarkable criminal history. Furthermore, at sentencing she told the court that her substance abuse problems played a

5

role in the termination of her parental rights to her three children in 2004. In addition, Farmer was ordered by a court in a previous case to attend substance abuse counseling, and she did not benefit from her counseling. Farmer's claim that her substance abuse merits a reduced sentence might have had more value had she been convicted of possessing a controlled substance. However, in this case she was convicted of dealing in a controlled substance, which is a more serious crime and is not directly related to her addictions.

Under these circumstances, balancing the nature of the offense against Farmer's failure to respond to probation and failure to benefit from opportunities to address her substance abuse issues, she has failed to convince us that her ten-year advisory sentence is inappropriate.

CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

VAIDIK, J., and MATHIAS, J., concur.