**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ELIZABETH A. BELLIN**
Cohen Law Offices
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM J. CAUDILL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1206-CR-274 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable George Biddlecome, Judge
Cause No. 20D03-1201-FD-54

**March 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

William J. Caudill was convicted of battery resulting in bodily injury, a Class D felony. He was sentenced to a thirty-month term of imprisonment. He now appeals, raising the issue of whether his sentence is inappropriate in light of the nature of his offense and character. Concluding that his sentence is not inappropriate, we affirm.

## Facts and Procedural History

On December 19, 2011, Caudill was an inmate at the Elkhart County Correctional Facility. Caudill was informed by Officer John Bell that he was to take his hour out at a time he did not want. Caudill became agitated and confrontational. After trying to verbally subdue Caudill, Officer Bell called for backup. He, along with two other officers, one with a video camera, entered the pod where Caudill's cell was located. Officer Bell and one other officer went up the stairs where Caudill was waiting for them. Caudill punched Officer Bell numerous times in the head as the officers attempted to restrain him. Caudill continued to punch and kick Officer Bell until Caudill was finally subdued with the use of pepper spray.

During the jury trial, Caudill claimed that he had blacked out and could not recall the incident. Caudill was convicted of battery resulting in bodily injury, a Class D felony. During sentencing, Caudill expressed remorse and apologized for what he had done. He was sentenced to a thirty-month term of imprisonment to be served consecutively to a sentence in another cause and a sentence arising out of a probation violation. Caudill now appeals the thirty-month sentence. Additional facts will be provided as necessary.

2

## I. Standard of Review

This court has the authority to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). The "nature of the offense" portion of inappropriate sentence review concerns the advisory sentence for the class of crimes to which the offense belongs; therefore, the advisory sentence is the starting point in our sentence review. Anglemyer v. State, 868 N.E.2d 482, 494 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007). The "character of the offender" portion of the sentence review involves consideration of the aggravating and mitigating circumstances and general considerations. Clara v. State, 899 N.E.2d 733, 736 (Ind. Ct. App. 2009). Whether a sentence is inappropriate ultimately turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008). The defendant bears the burden of persuading this court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

## II. Caudill's Sentence

The sentencing range for a Class D felony is between six months and three years imprisonment, with an advisory sentence of one and one-half years. Ind. Code § 35-50-2-7(a). The trial court imposed a thirty-month, or two and one-half years, sentence[1] on

---

[1] The parties refer to Caudill's thirty-month sentence as an "enhanced sentence." Even though it is above the advisory sentence, it is not an "enhanced sentence." See Marbley-El v. State, 929 N.E.2d 194, 195 (Ind. 2010) (a sentence at the high end of the statutory range for a crime is not an "enhanced sentence" because a court may impose any sentence within the range under the present "advisory" sentencing scheme).

Caudill, which he argues is inappropriate in light of the nature of his offense and character. We disagree.

With regard to the nature of the offense, Caudill argues that it did not warrant his sentence because the incident was brief, no other inmates were involved, he was restrained quickly, and he apologized for his actions. However, the evidence indicates that Caudill punched and kicked Officer Bell numerous times in the head and chest. Caudill resisted all attempts at being restrained until Officer Bell sprayed pepper spray on his face. Further, Officer Bell suffered pain, sustained multiple lacerations to his head as well as a concussion, and was unable to return to work for a week. Caudill's behavior and Officer Bell's injuries were well beyond those required to prove battery causing bodily injury. See Ind. Code § 35-42-2-1(a) ("A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery . . . ."); Ind. Code § 35-31.5-2-29 ("'Bodily injury' means any impairment of physical condition, including physical pain.").

With regard to Caudill's character, he had a history of delinquent behavior as a juvenile, five misdemeanor convictions, and one felony conviction prior to the conviction in this case. He also had two probation violations and was on probation when he committed the current crime, leading to a third probation violation. Thus, prior attempts to rehabilitate Caudill from unlawful conduct have failed. He argues, however, that his history of mental health issues along with the fact that he showed remorse and apologized for his actions numerous times renders his sentence inappropriate. The trial court took both Caudill's mental health history and his apologies into account and stated the following at sentencing:

4

> I will tell you, Mr. Caudill, that had you not expressed remorse for your conduct, and had you not been suffering from a mental illness, I would have been compelled to sentence you to the full three years available. Since you do suffer from either a mental illness or an emotional disorder, I'm not entirely sure which based on the information I have, I – and since you have apologized to your victim, the officer, I'm willing to reduce that sentence to 30 months as opposed to 36 months.

Transcript at 277.

With regard to mental illness as a mitigating factor at sentencing, our supreme court has identified four factors to consider: "(1) the extent of the defendant's inability to control his or her behavior due to the disorder or impairment; (2) overall limitations on functioning; (3) the duration of the mental illness; and (4) the extent of any nexus between the disorder or impairment and the commission of the crime." Weeks v. State, 697 N.E.2d 28, 30 (Ind. 1998). Here, the evidence indicates that Caudill has a history of mental illness going back to the year 2000. He has had several suicide attempts and several hospitalizations for psychiatric treatment. However, the extent of his ability to control his behavior and the nexus between the disorder and his crime are unclear. His hospitalizations date back to 2003, 2005, and 2006. During his last psychiatric evaluation in 2010, it was noted that "[h]e seems to have some good insight. Judgment is possibly somewhat immature, but seems fairly good and sound . . . . There is no evidence of psychotic symptoms at this time." State's Exhibit 1 from Sentencing at 4.

In sum, although Caudill suffers from mental health problems, he has not met his burden of convincing us that we should take this factor into account any more than the trial court already has. And while we commend Caudill for showing remorse and apologizing to Officer Bell, his sentence, higher than the advisory sentence but lower

5

than the maximum, is not inappropriate in light of the nature of his offense and his character.

## Conclusion

Caudill's sentence is not inappropriate in light of the nature of his offense and character. His sentence is therefore affirmed.

Affirmed.

FRIEDLANDER, J., and CRONE, J., concur.